232 So.2d 879 (1970)
R. C. McCLURE, Sr., et al.
v.
A. WILBERT'S SONS LUMBER & SHINGLE COMPANY et al.
No. 7913.
Court of Appeal of Louisiana, First Circuit.
March 9, 1970.
*881 Harry B. Garland, Opelousas, for appellant.
Paul G. Borron, Jr., Plaquemine, and George C. Schoenberger, Jr., New Orleans, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
This appeal by plaintiff R. C. McClure, Sr. and 136 other named petitioners is from the judgment of the trial court dismissing appellant's petitory action against defendant A. Wilbert's Sons Lumber & Shingle Company (Wilbert) and 96 additional defendants on grounds of abandonment because of failure to cite 25 defendants within five years of the filing of suit. The motion to declare the action abandoned was filed by defendant Wilbert who also successfully moved the trial court to dismiss plaintiffs' action in its entirety on the ground that the 25 defendants as to whom the action was dismissed were indispensable parties without whom the litigation could not continue. We affirm the judgment of the trial court but amend the decree so as to dismiss plaintiffs' action as of nonsuit.
This action was filed July 5, 1963. The petition alleges that plaintiffs (and 81 of the named defendants) are the owners of subject property by inheritance from Jean Baptiste Rills, who acquired the land by patent from the United States Department of Interior on June 23, 1845. It is alleged that plaintiffs and their defendant co-owners are descendants and heirs of Jean Baptiste Rills and his first and only wife, Emerite Dupuy, whose family history is detailed in the petition. It is further alleged that Rills never sold the property which is a cypress swamp incapable of physical possession. Finally, it is averred that Wilbert, its successors transferees and assigns are claiming title to or mineral rights in the property through various timber sales, mineral leases and purported sales of fractional interests in the land. The prayer of the petition requests that all *882 defendants be served; that plaintiffs and their defendant co-owners be recognized as owners and sent and placed in possession of the property. Of the 97 named defendants, 72, including Wilbert, were served either personally or through appropriate substituted service. On August 20, 1963, after it had been served, Wilbert moved, ex parte for, and was granted a 60 day extension of time for pleading on behalf of all defendants. On October 10, 1963, Wilbert obtained another such extension. The second application alleged, among other things, that substantial time would be required for each defendant to prepare proper defenses and pleadings after service of process. On December 17, 1963, Wilbert, by ex parte application, obtained an order granting all defendants an extension of 60 days following service on the last defendant to be served in which to respond to plaintiffs' petition. On October 15, 1968, plaintiffs moved to set aside the order obtained by Wilbert in December, 1963. On the date fixed for hearing plaintiffs' motion, December 3, 1968, Wilbert and another defendant moved to dismiss the action as to the 25 defendants who had not been served. Subsequently, on April 8, 1969, the trial court entered the judgment of dismissal from which plaintiffs appeal.
Appellants allege the trial court erred in (1) failing to hold this suit to be a class action ab initio, thus eliminating the necessity of service upon each individual defendant; (2) failing to hold the suit was converted into a class action by Wilbert's three applications for extension of time in which to plead filed on behalf of all defendants; (3) dismissing the action as to the 25 defendants who were not served because Wilbert was their agent for service and service upon Wilbert constituted service on these defendants also, and (4) not dismissing plaintiffs' action as of nonsuit.
Authority to institute a class action is contained in LSA-C.C.P. Articles 591 and 592, which are based upon Rule 23 of the Federal Rules of Civil Procedure. See Official Revision Comments to Article 591, above. The right to institute a class action is neither absolute nor without qualification. The pertinent articles provide that a class action may be brought provided: (1) the persons constituting the class are so numerous as to render it impracticable for all to join or be joined as parties; (2) the character of the rights to be enforced for or against the class must be common to all members, and (3) the class suing or being sued must be represented by one or more members who will fairly insure adequate representation of the entire class.
Plaintiff in a class action must establish the existence of the factors which entitle him to bring suit in such manner. Barron and Holtzoff, Federal Practice and Procedure, Vol. 2, § 571, at page 342. That plaintiff may have the right to bring a class action does not per se characterize an action instituted by him as a class action suit. To constitute a class action, plaintiff must institute the suit in substantial compliance with the class action statute. Bell v. Preferred Life Assurance Society of Montgomery, 5 Cir., 131 F.2d 516. A suit brought by a party or parties in his or their individual capacity or capacities, with no attempt being made to comply with the class action rules will not be rewritten by the courts and converted into a class action. Bell v. Preferred Life, above. For obvious reasons, a finding by the court that plaintiff's action will fairly insure adequate representation of all parties affected is a condition precedent to a class action. See Barron and Holtzoff, Federal Practice and Procedure, Vol. 2, § 567, at page 305.
We find no merit in appellant's contention that the interests of plaintiffs being common, the action must be regarded as a class action ab initio. The argument is based on Verdin v. Thomas, La.App., 191 So.2d 646, which states in effect that there is no set rule as to the percentage of parties who must join to file a class action, but rather it is the unity or commonness of *883 interest which governs application of the class action statute. With this observation, we are in accord. However, Verdin, above, was brought expressly as a class action. We are also of the view that the words "class action" are not sacramental to the bringing of such a suit although use of such terminology would dispel all doubt concerning petitioner's intention in this regard. Determination of the nature of action intended, we believe, must be made in the light of the allegations of the petition. The clear intent in this instance is plaintiffs' pursuit of each defendant individually. The prayer of the petition requests service on each defendant. An attempt was made to obtain service on each defendant either personally or by substituted means. Numerous acknowledged co-owners of plaintiffs were named as defendants. These salient factors hardly show an intent to bring a class action. That plaintiffs may assert a community of interest, or defendants may have mutual interests to defend, does not necessarily characterize a suit as a class action. The question of adequate representation of all members of the class by those bringing the action is a matter which must be judicially determined by the trial court. Verdin v. Thomas, La. App., 191 So.2d 646; Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84. No such determination was made in the case at hand.
Also without foundation is the argument that Wilbert converted the suit into a class action by undertaking representation of all respondents as a class. The extensions of time in which to plead, which were granted all defendants on Wilbert's applications, were not made by Wilbert under color of any authority to represent the remaining defendants. Moreover, as to those defendants not served at the time these applications were made, there was no reason for any pleading on their behalf at that stage of the litigation because, as to them, issue had not been joined. In addition, Wilbert could not unilaterally and without leave of court, undertake representation of all defendants as a class. A defendant or defendants is in no wise different from a plaintiff or plaintiffs insofar as class actions are concerned. The obligation of establishing the indispensable element of adequate representation of all members of the class rests equally upon defendants as upon plaintiffs. Wilbert made no such showing in this case. On the contrary, the third application recites that "* * * said defendants or their counsel, after each has been served, must confer and collaborate in the preparation of proper pleadings and defenses, all of which will require substantial time and effort." The position thus taken by Wilbert completely negates any intention on its part to convert the litigation to a class action on behalf of all defendants.
The contention that Wilbert was in effect agent of the remaining defendants and service on the agent constituted service on the principals is without foundation in the record. An agent for service of process is one designated by a person or by law to receive service of process in actions brought against him in the courts of this state. LSA-C.C.P. Article 5251(2). No express designation by defendants is alleged or shown herein. Neither have appellants referred us to any law through which such designation could be said to have been affected It does not even appear that the applications made by Wilbert were with the knowledge and consent of the defendants who have not yet been served. Under such circumstances, the unsolicited unilateral action of Wilbert can have no legal or binding effect upon the remaining defendants.
LSA-C.C.P. Article 561 provides that an action is abandoned in the trial court when the parties fail to take any step in its prosecution or defense for a period of five years. By its own terms, the statute is operative without formal order. It also provides that upon motion of any interested party, the trial court shall dismiss as of the date of abandonment.
*884 A step in prosecution within the abandonment provisions of Article 561, above, means a formal move or action before the court designated to hasten the matter to judgment. State Through Department of Highways v. Jackson, La.App., 211 So.2d 93; Bolden v. Brazile, La.App., 172 So.2d 304.
Appellants maintain their action in causing an attorney to be appointed for absent heirs on November 23, 1965, is a step in prosecution which prevents application of the abandonment statute herein. The contention is without merit inasmuch as none of the absent defendants concerned were among the 25 who have not yet been served with process. Assuming appointment of counsel to represent the absent heirs was a step in prosecution as argued by appellants it is to no avail as to the remaining defendants in an ordinary action against whom no steps were taken. Bolden v. Brazile, above. In Bolden, Texaco, Inc. and twelve of its landowning lessors were sued individually. Texaco alone was served with process and removed the matter to the Federal Court. Defenses were raised by Texaco in the Federal Court and the matter ultimately remanded to the state court where plaintiffs filed motions to try certain exceptions filed by Texaco in the Federal Court. When more than five years elapsed after filing of the suit, without the remaining twelve defendants having been served with process, Texaco moved to dismiss the action as to all parties for abandonment. The court dismissed the action as to the twelve unserved defendants holding that the setting of exceptions for trial was a step in prosecution as to Texaco but not as to the twelve defendants who had not been served. We concur in this pronouncement.
It is next argued by appellants that a motion filed July 5, 1968 entering certain counsel of record constituted a step in prosecution within the intent of Article 561, above. This precise contention was rejected in State of Louisiana, Through the Department of Highways v. Jackson, 211 So.2d 93. We quote approvingly from Jackson, above, as follows:
"The enrollment of additional counsel in a pending case merely informs the court, its officers and all parties that he has been so employed or retained by the client, in addition to prior counsel of record, with the implied authority to also perform all acts necessary or incidental to the prosecution or management of the suit. The motion and order recognizes the authority of enrolled counsel to take `steps' toward prosecution of his client's case but the motion is not, within itself, such a `step' as contemplated by L.S.A.C.C.P. Art. 561."
Unquestionably Wilbert possessed authority to move the dismissal as to the unserved defendants. LSA-C.C.P. Article 561 provides that such motion may be made by any party to the litigation or any other interested person. In Bolden v. Brazile, above, the right of Texaco, Inc., to move for dismissal on behalf of other defendants who had not been served, was expressly recognized. We believe the result in keeping with the terms of the applicable statute.
Dismissal as to the 25 unserved defendants who are alleged to claim interests in subject property rendered this action vulnerable to a motion to dismiss the entire action for nonjoinder of indispensable parties. LSA-C.C.P. Article 927 provides that nonjoinder of indispensable parties may be noticed by either the trial or appellate court on its own motion.
An exactly similar situation was presented in Bolden v. Brazile, above. In sustaining the motion of defendant Texaco, Inc. to dismiss the entire cause for nonjoinder of indispensable parties, the court aptly observed:
"The action now taken in dismissing the suit on the ground of abandonment as to all the individual defendants results in a *885 nonjoinder of indispensable parties, a fact which we may notice on our own motion under LSA-C.C.P. Art. 927. The individual defendants, who are alleged by plaintiffs' petition to be asserting ownership of the immovable property herein involved and who in fact have leased the property to Texaco, the only remaining defendant, are indispensable parties to plaintiffs' action asserting adverse ownership of that property. LSA-C.C.P. Art. 641; Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65; Jamison v. Superior Oil Co., 220 La. 923, 57 So.2d 896. In view of our conclusion that there is now an absence of indispensable parties it is unnecessary to decide, and improper to consider, the exceptions of no right or cause of action. See Doucet v. Fontenot, 165 La. 458, 115 So. 655."
The judgment of the trial court dismissing appellants' action was rendered April 8, 1969. On this date the latest expression by this court on the subject was to the effect that dismissal, in these circumstances, should be with prejudice. See LeBlanc v. Thibodaux, La.App., 162 So.2d 753, (April 6, 1964). Subsequently, in De Salvo v. Waguespack, La.App., 187 So.2d 489 (June 6, 1966), our brothers of the Fourth Circuit held such a dismissal should be without prejudice. Thereafter, on May 26, 1969, in Pounds v. Yancy, La.App., 224 So.2d 1, we overruled our pronouncement in LeBlanc v. Thibodaux, above, on this issue, citing certain Supreme Court decisions as authority therefor. The authorities cited in Pounds, above, establish the rule that dismissal under the circumstances here present, must be without prejudice.
It is therefore ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby amended to dismiss plaintiffs' action as of nonsuit, at plaintiffs' costs, and, as amended, the judgment is affirmed.
Amended and affirmed.