295 So.2d 26 (1974)
Frank KING
v.
AMERICAN MOTORISTS INSURANCE CO. et al.
No. 6206.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
Cockfield & Gravolet, by James C. Cockfield, New Orleans, for Frank King.
Michael E. Wanek, Hammett, Leake & Hammett, New Orleans, for Doris A. Licciardi, d/b/a Arrow Plumbing Co. and American Motorists Ins. Co.
Bernard, Micholet & Cassisa, Walter M. Babst, Metairie, for Bertin C. Dickinson.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal involving the issues of tolling of prescription in the filing of a lawsuit and of abandonment of the suit for inaction over a five year period. The facts are these:
On December 3, 1965 there was an automobile accident involving three vehicles, resulting in alleged personal injuries to Frank King, plaintiff herein. King retained an attorney to represent him and on December 5, 1966, the suit was filed on his behalf against Bertin C. Dickinson, the driver-owner of one vehicle; and against Peter R. Alphonso, driver of the second vehicle, Doris A. Licciardi, d/b/a Arrow Plumbing Co., owner of that vehicle and employer of Alphonso, and American Motorist Insurance Company, insurer. Service was not made upon the defendants at that time. Nearly five years later, on December 2, 1971, plaintiff filed a supplemental and amending petition alleging that one of the defendants, Peter R. Alphonso, died *27 and "that his estate, and/or his heirs who accepted said estate are now liable in his place and stead." The petition reaffirms all of the allegations of the original petition and prays for judgment. Together with that petition is a letter dated the same date addressed to the Clerk of Court announcing that the supplemental and amended petition is enclosed together with copies for service of same and requests "Please have defendants served with the original and supplemental and amending petition." At the end of the petition is noted "Please serve:" thereafter the names of the three original defendants and their addresses together with "ESTATE OF PETER ALPHONSO through his proper heirs." The Clerk of Court prepared the necessary citations on December 2, 1971, and service was made on all of the defendants on December 6, 1971, except for the estate of Peter Alphonso, which was never served.
After receiving service, American Motorist Insurance Company and Doris Licciardi filed a peremptory exception pleading liberative prescription of one year based upon LSA-R.S. 9:5801, and a motion to dismiss the suit on the grounds of abandonment for nonprosecution in five years as provided in Louisiana Civil Code Article 3519 and Code of Civil Procedure Article 561. Defendant Dickinson filed an answer specially pleading therein these two issues as well as that further prosecution is barred by laches. No pleadings were filed on behalf of the decedent Alphonso, obviously because no service was made. The trial judge held a hearing on these matters put at issue and reasoned that an examination of the amending petition indicated that it added nothing whatsoever to the original demand or prosecution of such demand. He thus maintained the motion to dismiss for abandonment. As a corollary he found no interruption of prescription and maintained the exception of prescription, dismissing plaintiff's suit. Plaintiff has appealed urging reversal of that judgment.
In urging the exception of prescription to us, the appellees are not concerned primarily with the lapse of time from date of accident to date of filing suit, even though it is more than one year. They recognize that the last day for filing within the prescriptive period fell on a Saturday, and that plaintiff had all of the next legal day, Monday, in which to file his petition. The thrust of their argument is rather that the interruption of prescription provided in LSA-R.S. 9:5801 should not occur when a plaintiff simply files a petition and makes no effort whatsoever towards notification or citation of the defendant. They reason that proper practice and timely notification to a defendant require us to jurisprudentially add to the statutory provisions a requirement for reasonable attempt at service or at least service within some reasonable time. We have considered the merits of this argument in the case of Miller v. New Orleans Public Service, Inc., 250 So.2d 108 (La.App. 4th Cir. 1971) and concluded, based upon prior statutory material and jurisprudence, that to interrupt prescription it was not essential that service of citation be had or attempted, but filing of the suit itself is an interruption.
Although the facts in this case are remarkably similar to the facts in that case, this case goes one step further. In Miller there was lack of service over a period of less than five years from the date of the accident. In this case there is lack of service until six years post accident and five years and one day post filing of suit. The pertinent law controlling this situation is set out in Louisiana Civil Code Article 3519 and Code of Civil Procedure Article 561. We quote:
Art. 3519. Abandonment or discontinuance of suit
"Art. 3519. If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened."
* * * * * *

*28 "Art. 561. Abandonment in trial and appellate court
"An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
"An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year."
From this we reason that it is not simply any failure to serve process that eliminates the interruption of the prescriptive period, but only such failure as to constitute abandonment as defined in C.C.P. Article 561. Thus the inquiry becomes the same under the exception of prescription or the motion to dismiss for abandonment, that is, did the plaintiff fail to take a step in the prosecution for a period of five years?
As noted above, on December 2, 1971, three days short of five years from date of filing the petition, plaintiff filed a supplemental and amended petition and requested service of process on the defendant. We conclude that the filing of these two documents does constitute a forward step in the prosecution. It is conceded that the defendant Alphonso had died, and until a proper party defendant was substituted in his stead, no further prosecution could be had against him or his estate as party defendant. As we see it, there is some vagueness present because there is no disclosure in the record as to whether his succession was opened, or whether any of his heirs had been put into possession. If this pleading stood alone, we would be constrained to agree with the trial judge that it added nothing to the prosecution because while it does seek the substitution of someone in place of the deceased, it does not substitute a party against whom the plaintiff clearly had a right to proceed. As we view the situation, the major importance of this document lies in the fact that it, together with the letter filed along with it, requests service of process upon all of the defendants. C.C.P. Article 1201 states that citations and service thereof are essential in all civil actions as here, and that without them all proceedings are absolutely null. We can think of no other step in prosecution that was more vital to plaintiff's proceeding at that time. It is not the issuance of the citation by the clerk nor the service of it by the sheriff that is controlling here. What is controlling is the plaintiff's request for such through the written documents filed in the record. See Seligman v. Scott, 17 La.App. 486, 134 So. 771 (2nd Cir. 1931) for a discussion on this point.
In the case of Sliman v. Araguel, 196 La. 859, 200 So. 280 (1941) the Supreme Court announced the following:
"[1] The `step' in the prosecution requires a formal move before the court intended to hasten judgment. A situation arising outside the record cannot be considered as a step taken in the prosecution of the suit. A step in the prosecution of a suit means something done in court towards the progress of the suit in court. Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213."
These requirements are satisfied by the inclusion of the two documents in the record. No order of court is necessary for the filing of the supplemental and amended petition nor for the issuance of the service of citation and process. Presenting these two written documents to the clerk and having them placed into the record is all of the formality that is required under the circumstances.
While certainly we cannot condone the extremely dilatory tactics of the attorney who was then employed (not present counsel who are diligent) still we must consider *29 the plaintiff's right to have his day in court as well as the rights of the defendants to adequately defend themselves. Our legislature has considered these matters of fairness and due process and had fixed periods limiting the times within which actions may be brought and prosecuted. Although plaintiff may not go one minute beyond those times, nevertheless, he is entitled to every minute included therein. If it be considered that these periods are so long as to be burdensome to the adverse party, then the legislature must either change the period of limitation or provide other specifications in relation thereto.
Accordingly the judgments appealed from are now annulled and reversed, the peremptory exceptions and motions to dismiss are overruled and this matter is remanded to the trial court for further proceedings. Cost of this appeal shall await the final determination of the case.
Reversed and remanded.