331 So.2d 566 (1976)
Clarence L. MURPHY
v.
HURDLE PLANTING AND LIVESTOCK, INC. and Lamar Golman.
No. 10679.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Rehearing Denied May 24, 1976.
Writ Refused July 2, 1976.
Charles W. Wilson, III, Baton Rouge, for appellant.
George L. Clauer, III, Baton Rouge, for appellees.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
Plaintiff appeals from a judgment dismissing his suit on grounds of abandonment.
*567 Clarence L. Murphy, through his attorney, Lee C. Grevemberg, filed suit on November 22, 1968, claiming personal injuries and property damages arising from an automobile accident. The defendants are Hurdle Planting & Livestock Co., Inc. (hereafter Hurdle), and Lamar Golman. Hurdle filed answer and interrogatories on January 6, 1969. No service of citation was made on Golman, who had moved from the address where he lived at the time of the accident; plaintiff heard that Golman had moved to St. Francisville but did not find out where. Later he heard that Golman lived near Jackson, Louisiana, but did not secure a more exact address at that time. Despite a stipulation to the effect that plaintiff had been represented by only Mr. Grevemberg and Mr. Wilson, a motion to set for trial signed by David L. Dawson on behalf of plaintiff was filed on January 4, 1974. The attached order was not signed by the judge. On February 3, 1975, an order was signed by the judge allowing Mr. Dawson's withdrawal as counsel of record for the plaintiff. On February 26, 1975, Mr. Grevemberg was replaced by Mr. Charles W. Wilson, III, as counsel for the plaintiff. On May 23, 1975, service was effected on Golman for the first time. On June 10, 1975, and June 26, 1975, the court approved extensions of time within which to plead filed by counsel for Lamar Golman. On July 11, 1975, a motion to dismiss was set for hearing on July 31, 1975. On August 11, 1975, judgment was signed, dismissing plaintiff's suit at his costs.
L.S.A.C.C.P. Art. 561 reads in pertinent part as follows:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment."
We believe the case of Bolden v. Brazile, La.App., 172 So.2d 304 and McClure v. A. Wilbert's Sons Lumber & Shingle Co., La.App., 232 So.2d 879 to be controlling here.
In the latter case, the court said at page 884:
"A step in prosecution within the abandonment provisions of Article 561, above, means a formal move or action before the court designated to hasten the matter to judgment. State Through Department of Highways v. Jackson, La. App., 211 So.2d 93; Bolden v. Brazile, La.App., 172 So.2d 304.
Appellants maintain their action in causing an attorney to be appointed for absent heirs on November 23, 1965, is a step in prosecution which prevents application of the abandonment statute herein. The contention is without merit inasmuch as none of the absent defendants concerned were among the 25 who have not yet been served with process. Assuming appointment of counsel to represent the absent heirs was a step in prosecution as argued by appellants it is to no avail as to the remaining defendants in an ordinary action against whom no steps were taken. Bolden v. Brazile, above. In Bolden, Texaco, Inc. and twelve of its landowning lessors were sued individually. Texaco alone was served with process and removed the matter to the Federal Court. Defenses were raised by Texaco in the Federal Court and the matter ultimately remanded to the state court where plaintiffs filed motions to try certain exceptions filed by Texaco in the Federal Court. When more than five years elapsed after filing of the suit, without the remaining twelve defendants having been served with process, Texaco moved to dismiss the action as to all parties for abandonment. The court dismissed the action as to the twelve unserved defendants holding that the setting of exceptions for trial was a step in prosecution as to Texaco *568 but not as to the twelve defendants who had not been served. We concur with this pronouncement."
Pretermitting the question of the authority of Mr. Dawson's appearance, it was still ineffective as to Mr. Golman, since service had not been effected on him. The five years required to constitute abandonment begins to accrue at the time of filing, not when citation is made, and any steps taken to "hasten the matter to judgment" are ineffective as to defendants not served. Bolden v. Brazile, supra and McClure v. A. Wilbert's Sons Lumber & Shingle Co., supra.
Although the judgment of dismissal was of the entire suit, the motion to dismiss was made by only Lamar Golman and only on his own behalf. The judgment will therefore be amended to dismiss the suit as to Lamar Golman only.
AMENDED AND AS AMENDED, AFFIRMED.