BEER, Judge.
Laura Davis, widow of Anthony J. Adams, died at her home in New Orleans on April 17, 1950. On April 21, 1950, her half sister, Mary Jones, widow of Joseph Camp, filed a petition in the Civil District Court for the Parish of Orleans, seeking an order authorizing a search for decedent’s last will. The order was signed on the same date.
On September 13, 1950, Victoria Adams Haynes, of Chicago, Illinois, through her attorney, Alcide J. Weysham, petitioned the Civil District Court seeking to have registered and executed an alleged last will and testament of the decedent, Laura Davis Adams, in nuncupative form by public act before Alcide J. Weysham, notary public, dated March 9, 1949. The order for registration and execution was signed on the same day. Also signed on the same date was a judgment recognizing Victoria Adams Haynes as the sole legatee designated in the last will and testament of Laura Davis Adams.
On November 24,1950, Mary Jones Camp filed a petition to nullify, revoke and set aside “all proceedings thereunder, particularly the order dated September 13, 1950, ordering the registration and execution of said pretended will and the judgment rendered and signed on the 13th day of September, 1950, recognizing Mrs. Victoria Adams Haynes, wife of Mitchell Haynes, as sole legatee and putting her into possession of all property left by the decedent . . ”
On March 6, 1951, Victoria Adams Haynes sought and obtained an extension of time within which to file responsive pleadings to the petition to annul and set aside the last will and testament of Laura Davis Adams, and, on April 13, 1951, she sought and obtained an order requiring Mary Jones Camp to show cause on April 27, 1951, why she (Mary Jones Camp) should not be required to file a cost bond. The cost bond was subsequently filed by Mary Jones Camp on May 2, 1951.
Then, on May 14, 1951, Victoria Adams Haynes filed exception of non-joinder of proper parties plaintiff and of no right or cause of action.
Proceedings were dormant until May 13, 1954, when additional pleadings were filed *969 seeking to substitute and add parties at interest. This was necessary because of the death of Mary Jones Camp and the realization on the part of her heirs that there were other parties at interest in the litigation.
On May 1, 1959, the exceptions filed on May 14, 1951, were fixed for trial on May 8th and, thereafter, continued to July 10, 1959, at which time the exception of non-joinder was overruled and the exception of no right of action was referred to the merits.
Again, a lengthy period of dormancy was followed by the filing, on July 6, 1964; of a petition seeking further substitutions necessitated by the fact that more of the alleged parties at interest had died and were survived by parties seeking to be substituted in their place.
On December 29, 1964, an answer was filed by respondent, Harry Minor.
On November 26, 1969, an answer was filed in behalf of respondents, Joseph Minor and Harold Perrault, Jr., by Maurice Gomil-la, curator.
On June 1,1971, over 21 years after these proceedings had begun, the attorney for the petitioners seeking to nullify the alleged nuncupative will of Laura Davis Adams filed a motion to set the matter down for trial on its merits, but the case was not set for trial until December 6, 1973, and then continued and reset on February 7, 1974.
The commencement of the proceedings on that date resulted in the court granting a day’s delay for the calling of one Alma Roberson Gorman and to permit counsel for Victoria Adams Haynes to prepare certain responsive pleadings which the record indicates were filed on February 8,1974, at 1:15 p. m.
Thus, on February 8,1974, almost a quarter of a century after the death of Laura Davis Adams, the stage was set for a definitive ruling on the issue of whether or not her alleged nuncupative will by public act before Alcide J. Weysham, notary public, was or was not null.
But, delay, the hallmark of this case, loomed again in the form of the still undecided exceptions of no cause or right of action filed on May 14, 1951. The record shows that those exceptions were overruled by the able trial judge on February 8,1974, upon the court’s concluding that Alma Roberson Gorman was the “legitimate issue of the relationship existing to show that her grandmother, maternal grandmother, was Elvira Jones Bourgeois, who was the half sister of the decedent, Laura Jones Davis and as such she has capacity to stand as plaintiff in this suit, so the exception of no right of action is overruled and dismissed.”
Having dealt with the exception just a little over 25 years after the date upon which it was filed, the court had finally cleared the tracks for the purpose of reviewing, on its merits, the contended invalidity of the nuncupative will. This issue was resolved by the trial court, who observed that: “. . . the will is invalid, being void for want of form and, form being sacramental in Louisiana, such a document has no probative value whatsoever.”
From this judgment, Victoria Adams Haynes suspensively and devolutively appealed on February 22, 1974. The trial court granted a suspensive and devolutive appeal, returnable to this court on April 19, 1974.' But delays were to continue to plague these proceedings: extensions of the return date were granted by the district court on June 18, 1974, August 16, 1974, October 15,1974, December 13,1974, February 10, 1975, April 11, 1975, June 10, 1975, August 8, 1975, October 6, 1975, December 5, 1975, and January 2, 1976. The matter came before us for argument on July 2, 1976, over 26 years after the original pleadings had been filed in the Civil District Court.
The issues on appeal really boil down to two: (1) do those who attack the will have standing (a right of action) to mount the attack, and (2) is the will a nullity.
But there is a curious twist to all of this for, in order to parry the thrust of the *970 exception of no right of action, those who attack the validity of the will must show that they have standing to bring the matter on for hearing on its merits and, to do that, they must, for all intents and purposes, prove their right to come to the succession (for, otherwise, their “standing” to claim that the will is null is in doubt).
But this unusual situation may not have to be dealt with if the will is valid. Let us, then, turn our attention to that issue:
The will is violative of LSA-C.C. Article 1579 and in contravention of the clear holding of this court in Succession of Guidry, 145 So.2d 613 (La.App.4th Cir., 1962), rehearing denied 1962, certiorari denied 1963. It is not valid.
We must, accordingly, deal with the question of “standing.”
We are of the view that the able trial judge properly resolved that issue by overruling the exception of no right of action. We find no merit in the contention that Alma Roberson Gorman lacks capacity to bring this action nor can we agree with able counsel’s argument regarding abandonment.
LSA-C.C.P. Article 561 provides as follows:
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year.”
No ex parte motion of any party or other interested person has ever been filed seeking dismissal for abandonment under the provisions of LSA-C.C.P. Article 561. Reference to the record indicates the filing of an “exception of prescription” alleging the applicability of LSA-C.C. Article 3519, but this “exception” is a part of the answer filed at 1:15 p. m. on February 8, 1974.
But, assuming, arguendo, that reference to LSA-C.C. Article 3519 has the effect of interposing all of the effects of LSA-C.C.P. Article 561, we find no factual basis for its application here since five full years never elapsed without some action being taken which we deem to be determinative of the rights of parties at interest to these proceedings.
Specifically, we are of the view that the five year period described in LSA-C. C.P. Article 561 is interrupted when any party to the proceedings takes a step in the prosecution or defense of the action. Such parties need not be the named petitioners. Thus, the filing of an answer by an heir who had been cited to assert any claim that he might have in the succession and the filing of an answer by an attorney at law appointed to represent two absent heirs who had been similarly cited are, in each instance, “step(s) in the prosecution or defense.”
For such use as a reviewing court may wish to make of it, we annex to this opinion a diagram which shows the various substitutions of parties at interest and the relationship of Alma Roberson Gorman to Laura Davis Adams. The diagram also shows the relationship existent between the decedent and the original petitioner, Mary Jones Camp.[1] (It was prepared by us in the course of our deliberations and, though we believe it to be correct in all respects, we make mention of its source in order to obviate any possible misunderstanding that it may form a part of the record.)
Accordingly, for the reasons stated, the judgment of the Civil District Court for the Parish of Orleans is affirmed, all parties to this appeal to bear their own costs.

AFFIRMED.

*971

. See attachment “A.