CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of Houma Medical and Surgical Clinic, Dr. Theodore A. Gross, *1116 Dr. M. A. Thomas, Gross, Weatherall and Duplechain and the St. Paul Fire and Marine Insurance Company, defendants-appel-lees, and against Lawrence J. Gros, Individually and as the Administrator of the Estate of his Minor Son, Michael, and Billie Gros, plaintiffs-appellants, dismissing appellants’ suit for want of prosecution.
The actions taken in this suit prior to judgment on the motion to dismiss for want of prosecution were:
May 1,1970 Appellants’ Petition filed in the Parish of East Baton Rouge.
May 5, 1970 Service and Citation on all appellees appearing herein.
July 17, 1970 Exception of No Right or Cause of Action filed on behalf of Hou-ma Hospital Corporation of the Sisters of St. Joseph.
November 23, 1970 Motion to Transfer case from 19th Judicial District Court for the Parish of East Baton Rouge to the 32nd Judicial District Court for the Parish of Terrebonne filed on behalf of Houma Medical and Surgical Clinic, St. Paul Fire and Marine Insurance Company and Houma Hospital Corporation.
November 23, 1970 Judgment ordering transfer of suit to 32nd Judicial District Court, Parish of Terrebonne.
January 8, 1971 Clerk of Court for the Parish of Terrebonne gave notice to all counsel of record of receipt of suit.
May 16, 1975 Motion for Pre-Trial Conference filed by plaintiffs and Order of Court fixing Pre-Trial on May 29,1975.
May 26,1975 Motion to enroll as counsel of record filed by Larry P. Boudreaux.
March 18, 1976 Motion to Dismiss filed on behalf of Houma Medical and Surgical Clinic, Dr. Theodore A. Gross, Dr. M. A. Thomas, Gross, Duplechain and the St. Paul Fire and Marine Insurance Company.
March 26, 1976 Hearing on Rule to Show Cause why plaintiffs’ action should not be dismissed.
June 10,1976 Motion to Dismiss filed on behalf of plaintiffs, dismissing plaintiffs’ action against Houma Hospital Corporation of the Sisters of St. Joseph.
August 12, 1976 Judgment by District Court dismissing plaintiffs’ suit against Houma Medical and Surgical Clinic, Dr. T. A. Gross, Dr. M. A. Thomas, Gross, Weatherall and Duplechain and the St. Paul Fire and Marine Insurance Company.
Code of Civil Procedure Article 561 provides in part:
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.”
A step in the prosecution or defense of an action within the meaning of the above cited article is a formal move or action before the trial court intended to hasten judgment. Melancon v. Continental Casualty Company, La., 307 So.2d 308 (1975); Murphy v. Hurdle Planting and Livestock, Inc., La.App., 331 So.2d 566 (1st Cir., 1976).
The appellants filed their petition on May 1, 1970. The next step in prosecution occurred over five years later on May 16, 1975, when the appellants filed a Motion to Fix for Pre-Trial Conference and the District Court ordered the Pre-Trial Conference be fixed for May 29, 1975. Unless there has been a step taken in defense of the action which would serve to interrupt the running of prescription, the appellants’ suit must be considered abandoned.
On July 17, 1970, within five years of the Motion to Fix for Pre-Trial Conference, an Exception of No Right or Cause of Action was filed on behalf of the Houma Hospital Corporation of the Sisters of St. Joseph, one of the defendants. This was a step in defense of the action and a formal move by a party to the suit before the Trial Court intended to hasten judgment.
*1117 Comment (b) to C.C.P. Art. 561 provides in part:
“This article treats the action as abandoned only if five years has elapsed without any steps being taken by any of the parties in the prosecution or defense thereof. This change was made to provide for the case where the defendant has taken some step in the defense of the action, but subsequently moves to have the action declared abandoned because the plaintiff has failed to take any step in the prosecution thereof for five years.”
Because there was a step taken by one of the parties to the suit, the appellants’ action cannot be considered abandoned under C.C.P. Art. 561.
This ease is distinguishable from Murphy v. Hurdle Planting and Livestock, Inc., supra; McClure v. A. Wilbert’s Sons Lumber & Shingle Co., La.App., 232 So.2d 879 (1st Cir., 1970); and Bolden v. Brazile, 172 So.2d 304 (La.App., 4th Cir., 1965) because in these cases suit was dismissed under Code of Civil Procedure Article 561 as to defendants upon whom there was no service and citation within the five year period. In the present case, there was service and citation on the appellees and the appellees were aware of all of the actions taken by the other parties to the suit.
Because of this holding we find it unnecessary to determine whether the filing of a motion for the transfer of a case from one District Court to another for reasons of forum non conveniens is a step in prosecution or defense of an action.
The judgment of the District Court is reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.