418 So.2d 1378 (1982)
Wanda Falcon WICKER, Widow of Ruben Ivan Wicker, Sr., Individually and as Natural Tutrix For the Use and Benefit of Her Minor Children, Keith Michael Wicker, Helen Irene Wicker, and Rhonda Ann Wicker
v.
The COCA-COLA BOTTLING COMPANY, Mid-West Machinery Movers, Inc., Phillip Foto, W. M. Davis, G. J. Schuth, Russel Pat White, Bob Simpson, Eugene Abadie, Owen Trayhan, Nolan Sharpe, Rufus Fisher, A. B. C. Insurance Corporation and X. Y. Z. Insurance Corporation.
William L. SPARACELLO
v.
The COCA-COLA BOTTLING COMPANY, Mid-West Machinery Movers, Inc., Phillip Foto, W. M. Davis, G. J. Schuth, Russel Pat White, Bob Simpson, Eugene Abadie, Owen Trayhan, Nolan Sharpe, Rufus Fisher, A. B. C. Insurance Corporation and X. Y. Z. Insurance Corporation.
Nos. 5-39, 5-40.
Court of Appeal of Louisiana, Fifth Circuit.
June 8, 1982.
Rehearing Denied September 22, 1982.
*1379 John H. Brooks, Gretna, Robert W. Drouant, Heisler & Wysocki, New Orleans, for plaintiffs-appellants.
Monte J. Ducote, New Orleans, Stephen Huber and Claude Vasser, Metairie, Frederick S. Kullman, Kullman, Lang, Inman & Bee, New Orleans, James Demopoulos, Chicago, Ill., Frederick R. Campbell, McGlinchey, Stafford & Mintz, Michael S. Guillory, New Orleans, for defendants-appellees.
Before CHEHARDY, KLIEBERT and CURRAULT, JJ.
KLIEBERT, Judge.
William L. Sparacello and Ruben Ivan Wicker, Sr., co-employees of Mid-West Machinery Movers, Inc. (hereafter Mid-West) were involved in an accident on November 3, 1972 on the Dauphin Island exit of I-10 in the State of Alabama. At the time of the accident, Wicker was operating and Sparacello was a passenger in a White Tractor towing a trailer owned by the Coca-Cola Company. The maintenance and operation of the tractor and trailer was the responsibility of Mid-West under a contractual *1380 agreement entered into with Coca-Cola. The trailer was loaded with drums of Coca-Cola syrup and a fork lift truck by employees of Coca-Cola in Jefferson Parish. Ruben Wicker expired on the date of the accident from injuries alleged to have happened in the accident.
In October, 1973, Sparacello and the heirs of Wicker filed almost identical suits in the United States District Court for the Eastern District of Louisiana in New Orleans against Coca-Cola, Mid-West, the State of Alabama and the Alabama Highway Department and various unnamed insurance companies characterized as "A.B.C." or "X.Y.Z." insurance companies. The suits alleged that as the truck entered the exit ramp, due to improper loading, the load on the trailer shifted causing the tractor-trailer to go through the railing and to fall thirty or forty feet to the ground.
While the suits were still pending in the U. S. District Court, on June 11,1974, Sparacello and the heirs of Wicker filed similar suits (subsequently consolidated) in Jefferson Parish containing similar contentions to that made in the federal actions but brought against different defendants. In the state court actions the suits excluded the State of Alabama and its Department of Highways, but included as additional defendants employees of Coca-Cola[1] and Mid-West[2], as well as insurance companies referred to as A.B.C. or X.Y.Z. insurance corporations. In time, the federal actions were dismissed as to all named defendants on motions asserting immunity based on the Louisiana Workmen's Compensation Act or in the case of the State of Alabama, sovereign immunity. Additionally, Mid-West and Coca-Cola were dismissed from the Jefferson Parish suit on exceptions grounded in the immunity provided by the Louisiana Workmen's Compensation Act.
Bob Simpson and Owen Trayhan, both employees of Mid-West and defendants in each of the state court suits, filed ex parte motions to dismiss the suits against them for lack of prosecution. The other defendants in the consolidated suits filed an exception of prescription in both suits. The trial judge dismissed both suits against those defendants on either the motion to dismiss for lack of prosecution or the exception of prescription. It also dismissed the suit against General Life and Accident Fire and Life Assurance Corporation, Ltd., who had sought to be substituted as a named defendant for A.B.C. or X.Y.Z. insurance corporations.
Devolutive appeals were brought by Sparacello and the heirs of Wicker from the judgments dismissing the defendants. On the appeal, Sparacello and the heirs of Wicker contend: (1) the trial judge erred in upholding the exception of prescription because the pendency of the federal tort claim interrupted prescription as to the defendants here even though they were not parties to the federal action, and (2) the court erred in dismissing the suit against the defendants Bob Simpson and Owen Trayhan for lack of prosecution. We disagree and affirm the trial judge.

ON THE EXCEPTION OF PRESCRIPTION
The plaintiff-appellant contends the federal suit interrupted prescription as against the other defendants and cites as one authority LSA-C.C. 2097 which provides that "a suit brought against one of the debtors in solido interrupts prescription with regard to all". The defendants-appellees, however, point out that since the named defendants in the federal suit had an immunity from liability, they could not be in solido liable with their employees and cite Gibson v. Exxon Corporation, 360 So.2d 230 (1st Cir. 1978), writ denied 362 So.2d 575, as authority for their contention. In response, appellants contend the Gibson decision has been repudiated by the Supreme Court in Baker v. Payne and Keller, 390 So.2d 1272 (La. 1980). We disagree.
*1381 The distinguishing feature in the Baker case from that involved in the Gibson case is the fact that in Baker, Maryland Casualty was a named defendant in the original suit. Rather than dismissing Maryland, the trial judge, under La. CCP Art. 1153, permitted an amendment to the original petition. The amendment alleged that Maryland was the insurer of employees of Payne and Keller as well as of Payne and Keller. On that factual basis the Supreme Court reasoned that since the essence of interruption of prescription by the filing of a suit is notice and since Maryland clearly had notice of the plaintiff suit against it as well as of the occurrence upon which the demand was based, the running of prescription as to Maryland was interrupted.
Notwithstanding the Baker case the rationale of the Gibson case is still applicable here.[3] Since the named defendants in the federal suit were immune from liability to the injured plaintiff, they could not be in solido liable with the defendants named in the subsequent state action. Under the provisions of LSA-C.C. 2097, for prescription to be interrupted by the filing of a suit, there must be in solido liability between the debtors. Absent in solido liability, LSA-C.C. 2097 has no application.
The plaintiff-appellant also argues that the filing of the federal suit interrupted prescription because the same cause of action was alleged in the federal and state court actions and cites LSA-R.S. 9:5801 as authority for his contention. This statute provided in pertinent part as follows:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, ... by the commencement of a civil action in a court of competent jurisdiction and in the proper venue ..."
This contention is without merit. It is now settled law that the term "all defendants" as used in LSA-R.S. 9:5801 implies defendants who are named in the petition relied upon for the interruption. Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974).
The trial judge properly maintained the preemptory exceptions of prescription for in the absence of solidary liability between an unnamed defendant and a named defendant, the petition interrupts prescription only as to defendants named in the petition relied on for the interruption. Martin v. Mud Supply Co., Inc., 239 La. 616, 119 So.2d 484 (La.1960).

ON THE ABANDONMENT
Although Simpson and Trayhan were named as defendants in the state court action filed on June 11,1974, Trayhan was never served and Simpson was not served until September, 1980, some six years after the suit was filed. The trial judge apparently granted their ex parte order for dismissal on the basis of LSA-C. C.P. 561 which provides in pertinent part as follows:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five (5) years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment."
Whatever the reason for appellants' tardiness in serving defendants Simpson and Trayhan, it is clear action taken against other defendants in the suit does not satisfy the "any steps" requirements of the article. While it is true, as appellants assert, that "any steps" in prosecution of a lawsuit will prevent its abandonment, the "step" must take place as to each defendant.
In Murphy v. Hurdle Planting and Livestock, Inc., 331 So.2d 566 (1st Cir. 1976), writ refused 334 So.2d 434, the First Circuit faced a similar situation to the one present here. The plaintiff in Murphy sued two defendants and shortly afterwards effected service on one defendant. After five years had elapsed, service was effected on the *1382 second defendant. The First Circuit held "any steps taken to hasten the matter to judgment are ineffective as to defendants not served". We agree.
By operation of law, i.e., LSA-C. C.P. 561, the suits against Simpson and Trayhan were abandoned for non-action during the five years which elapsed from the time of their filing. Although it is true as asserted by appellants that a suit can interrupt prescription even though not served, it is also true if no step is taken in its prosecution within five years of its filing, it is considered abandoned. King v. American Motorist, 295 So.2d 26 (La. App. 4th Cir. 1974).
Appellants also contend they were denied due process because no evidentiary hearing was held on the motion to dismiss. We note, however, that there were no contested issues of fact. The record shows the plaintiffs took no procedural steps against the particular defendant within the five year period. Further, notwithstanding the trial judge's authority by statute to proceed ex parte, the appellant was given an opportunity to file a brief in opposition to the motion to dismiss. Hence, he was not denied due process by a dismissal without an evidentiary hearing.
For the reasons stated above, the judgment of the trial court dismissing the suits on the exception of prescription and abandonment are affirmed. Appellants to pay all costs of appeal.
AFFIRMED.
Before CHEHARDY, KLIEBERT and CURRAULT, JJ.

ON APPLICATION FOR REHEARING
PER CURIAM.
In their application for rehearing, the Wicker heirs correctly point out that the appeal in the Wicker case which was consolidated with the Sparacello case did not involve the issues relative to the exception of prescription. Accordingly, the original opinion in the consolidated case is amended and corrected to show that that portion of the opinion headed "On the Exception of Prescription" applies only to the Sparacello case. In all other respects, the application for rehearing is denied.
REHEARING DENIED.
NOTES
[1] W. M. Davis, G. J. Schuth, Russel Pat White, Phillip Foto, Rufus Fisher and Nolan Sharpe were alleged to be agents, officers or employees of Coca-Cola.
[2] Eugene Abadie, Bob Simpson and Owen Trayhan were alleged to be agents, officers or employees of Mid-West.
[3] See Mitchell v. Zeringue, 389 So.2d 910 (4th Cir. 1980); Rogers v. Payne & Keller of Louisiana, Inc., 392 So.2d 109 (1st Cir. 1980), writ denied 396 So.2d 1327 (1981).