422 So.2d 513 (1982)
Donald P. LANDRY, Sr.
v.
John THOMAS.
No. 13072.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
Rehearing Denied December 21, 1982.
Edward A. Kunz, New Orleans, for plaintiff-appellee.
Julian J. Rodrigue, Covington, for defendant-appellee.
Before GULOTTA, KLEES and AUGUSTINE, JJ.
AUGUSTINE, Judge.
Plaintiff, Donald P. Landry, appeals the order of dismissal entered by the trial court in favor of the defendant, John Thomas. The dismissal was granted on the authority of Louisiana Code of Civil Procedure Art. 561, which provides:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment."
The trial court record reveals the following to have taken place:
On June 15, 1974 plaintiff filed an action for damages arising out of a shooting incident which allegedly involved the defendant Thomas. The defendant was not served with process until more than five years later, on June 21, 1979. At that time, defendant received, together with the citation and petition, a copy of plaintiff's "Motion to Take Deposition of Defendant", which had been filed by the plaintiff on June 14, 1979, within the five-year period provided by Art. 561. On November 14, 1979, defendant filed a motion to dismiss on the grounds of abandonment, which motion was granted the same day.
The question for our decision is whether plaintiff's formal motion to depose the defendant, filed within the five-year period provided by Art. 561 but not served upon *514 the defendant until after the lapse of five years, is sufficient to interrupt prescription.
The plaintiff urges us to follow the rule of King v. American Motorist Insurance Co., 295 So.2d 26 (La.App. 4th Cir.1974). In King, the plaintiff's petition for damages was filed on December 5, 1966, but service was not effected on the defendants at that time. Three days before the expiration of the five year period, on December 2, 1971, the plaintiff filed an amended petition, alleging that one of the defendants had died and that his estate should be liable in his stead. The defendants did not receive service of the original and the amended petition until five years and one day after the filing of the original petition. The issue presented was thus identical to that which confronts us today. We then reasoned that, "it is not simply any failure to serve process that eliminates the interruption of the prescriptive period, but only such failure as to constitute abandonment as defined in C.C.P. Article 561." Id at 28.
In deciding that the plaintiff should prevail, we emphasized that the plaintiff's written request for service of process upon the defendant, filed into the record together with the amended petition within the five-year period, constituted a "formal move before the court intended to hasten judgment." Id. at 28, citing Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213 (1921). Emphasis added.
The defendant-appellee contends that the dismissal in this case was proper, based upon the rule established in Murphy v. Hurdle Planning and Livestock, Inc., 331 So.2d 566 (La.App. 1st Cir.1976). There a plaintiff filed an action for personal injury and property damages against two defendants, only one of whom was served with the petition. Before five years had elapsed, the plaintiff filed a motion to set the case for trial, but service was not effected as to the previously unserved defendant until after the five year period. The court held that the plaintiff's motion was ineffective to interrupt the prescription of Art. 561, stating that:
"The five years required to constitute abandonment begins to accrue at the time of filing, not when citation is made, and any steps taken to `hasten the matter to judgment' are ineffective as to defendants not served. Bolden v. Brazile, 172 So.2d 304 (La.App. 4th Cir.1965) and McClure v. A. Wilbert's Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1st Cir.1970)." Citations added. Id at 568.
In our opinion, the rule announced in Murphy does not necessarily follow from the principles established in Bolden and McClure, supra, upon which the court relied for its decision. In each of those cases, more than five years had elapsed between the filing of suit and service of process upon the defendants. In the interim, the plaintiff had taken no formal steps whatsoever to move the case toward judgment against the unserved defendants. In each case, it was held correctly that under those circumstances, the plaintiff must be regarded as having abandoned his case as to those defendants. From such a holding, it does not follow ineluctably that "any steps taken to `hasten the matter to judgment' are ineffective as to defendants not served." Murphy, supra, at 568. Bolden and McClure merely stand for the proposition that when more than five years pass between one formal step in the prosecution and the next, the case shall be considered abandoned. In neither case was the failure to effect service the dispositive element; that fact was purely incidental to the plaintiff's failure to file any formal motion whatsoever (against the abandoned defendants).
We therefore reaffirm the reasoning and holding of King v. American Motorist Inc., supra. To do otherwise would be to impose abandonment where there is none in fact, a result which would defeat the purpose and plain meaning of Art. 561.
In the present case, the record reveals that within the five-year period, Donald P. Landry filed a "Motion to Take Deposition of Defendant", with an attached order which was signed by the trial judge on the same day. The motion and order were accompanied by a request for service upon the defendant in Covington, Louisiana.
*515 King regards that action as a "formal move before the court intended to hasten judgment." The suit, therefore, should not have been found to be abandoned. For the reasons assigned, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.