BARRY, Judge.
Delta Development Co., Inc.’s lawsuit to reform real estate deeds was dismissed, except as to one defendant, based on abandonment under LSA-C.C.P. Art. 561,[1] and appeals.
On May 30, 1961 Delta sued the heirs of George B. Jurgens and all defendants were served except George E.J. Boden. On December 11, 1961 all defendants, including Boden, filed an exception of prescription which was dismissed on September 10, *784 1973. On September 2, 1975 Delta took a preliminary default against all defendants. On August 25, 1980 Delta propounded interrogatories to only one of the defendants, William John Tessier. In January, 1982 the other defendants or their heirs filed a Rule to dismiss based on abandonment and it was granted on March 2, 1983, except as to Mr. Tessier.
The sole question is whether the interrogatories to Mr. Tessier was a “step” which would interrupt the five year abandonment period as to the other defendants.[2]
Delta .argues any step taken by any party tolls the five year period, citing Gros v. Houma Medical and Surgical Clinic, 343 So.2d 1115 (La.App. 1st Cir.) writ denied 345 So.2d 504 (1977) and Succession of Adams, 336 So.2d 967 (La.App. 4th Cir.1976). Defendants counter urging that a step must be taken as to each defendant. Bolden v. Brazile, 172 So.2d 304 (La.App. 4th Cir.1965); McClure v. A. Wilbert’s Sons Lumber & Shingle Co., 232 So.2d 879 (La.App. 1st Cir.1970); Tucker v. New Orleans Laundries, Inc., 145 So.2d 365 (La.App. 4th Cir.1962), Wicker v. Coca-Cola Bottling Co., 418 So.2d 1378 (La.App. 5th Cir.) writ denied 423 So.2d 1148 (1982).
Delta claims the cases cited by defendants involve no service of process on the dismissed parties. This Court has expressed disapproval of the overly broad rule: “any steps taken to ‘hasten the matter to judgment’ are ineffective as to defendants not served.” Murphy v. Hurdle Planting and Livestock, Inc., 331 So.2d 566 (La.App. 1st Cir.) writ denied 334 So.2d 434 (La.1976). In Landry v. Thomas, 422 So.2d 513, 514 (La.App. 4th Cir.1982) writ denied 429 So.2d 143 (La.1983), we stated:
In our opinion, the rule announced in Murphy does not necessarily follow from the principles established in Bolden and McClure, supra, upon which the court relied for its decision. In each of those cases, more than five years had elapsed between the filing of suit and service of process upon the defendants. In the interim, the plaintiff had taken no formal steps whatsoever to move the case toward judgment against the unserved defendants. In each case, it was held correctly that under those circumstances, the plaintiff must be regarded as having abandoned his case as to those defendants. From such a holding, it does not follow ineluctably that “any steps taken to ‘hasten the matter to judgment’ are ineffective as to defendants not served.” Murphy, supra, at 568. Bolden and McClure merely stand for the proposition that when more than five years pass between one formal step in the prosecution and the next, the case shall be considered abandoned. In neither ease was the failure to effect service the disposi-tive element: that fact was purely incidental to the plaintiff’s failure to file any formal motion whatsoever (against the abandoned defendants).
The source of Art. 561 was C.C. Art. 3519 which was in the section of the Civil Code dealing with interruption of prescription. “Thus, both historically and theorti-cally, the rule on abandonment of actions is a species of liberative prescription....” Melancon v. Continental Casualty Company, 307 So.2d 308, 311 (La.1975); Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983).
C.C. Art. 2097 provides that “a suit brought against one of the debtors in solido interrupts prescription with regard to all.” In the absence of solidarity between unnamed and named defendants, the petition will not interrupt prescription as to unnamed defendants. Melancon v. Tassin Amphibious Equipment Corp., 427 So.2d 932 (La.App. 4th Cir.) writ denied 433 So.2d 166 (1983). Although Art. 2097 does not expressly apply to the Art. 561 abandonment, it is logical to conclude that a “step” in the proceedings against one defendant (not a solidary obligor) will not interrupt *785 the Art. 561 abandonment as to other defendants.
Here the “step” was filing of interrogatories directed to and served on only one defendant. If the step had been effective as to all defendants (such as a motion to set for trial), or if the defendants were solidary obligors, obviously the “step” would apply to all defendants. However, these defendants are not solidary obligors, and the “step” was directed to only one defendant. Therefore, we agree the five year abandonment period covered all defendants except Mr. Tessier.
Under this rationale all cases can be reconciled or distinguished, except Gros and Murphy, supra, with which we disagree. In Gros, the “step” was filing an exception of no cause or right of action by one defendant. Subsequently, plaintiff dismissed this defendant. However, the court concluded defendant’s exception was sufficient to interrupt the abandonment period as to the remaining defendants. It is unclear from the opinion whether defendants were solidary obligors. If they were not, the exception did not apply to all and we would disagree with the conclusion.
In Murphy, supra, the defendants in a tort suit were alleged to be debtors in solido. A timely motion to set for trial was action filed as to some of the defendants. One defendant was not served until after five years and was dismissed. As stated above, this Court expressed disapproval of Murphy in Landry, supra.
In King v. American Motorists Insurance Co., 295 So.2d 26 (La.App. 4th Cir.1974) the defendants in a tort suit were alleged solidary obligors. A supplemental petition was filed within five years of the last action and included a request for service on all defendants. This was sufficient to toll prescription as to all.
American Eagle, Inc. v. Employers Liability Assurance Corporation Ltd., 389 So.2d 1339 (La.App. 1st Cir.1980) writ denied 396 So.2d 885, 886 (1981), fell squarely within one of the exceptions to the Art. 561 rule, i.e., when the failure to proceed is caused by circumstances beyond plaintiff’s control. Chevron Oil, supra. In American Eagle the delay was attributable to the inability of the court reporter to prepare the transcript. In addition, a post-trial conference was considered a step which inured to the benefit of all parties. The court properly concluded the case should not be dismissed as to any party.
In McClure, Bolden and Wicker, supra, the defendants were not solidary obligors and those courts correctly held that no action as to certain defendants within five years resulted in abandonment as to those defendants. The defendants in Rollins v. Causey, 427 So.2d 1291 (La.App. 2d Cir.1983) were alleged to be solidary obligors and that court rightly held that a motion to compel answers to interrogatories directed to one physician served to interrupt the abandonment period as to all defendants.
Delta also cites Succession of Adams, supra, (a will contest), but since this was a succession proceeding it is distinguishable. We note the legislature acknowledged this distinction by amending Art. 561 with Act 670 of 1983 making the article inapplicable to succession proceedings. Act 670, by its terms, applies retroactively. Thus, if Adams supported plaintiff’s position we are not persuaded that it has precedential value to the case sub judice.
Here we are concerned with alleged former co-owners of real estate who, as such, are not solidary obligors. It was stipulated that five of the original defendants died since 1961 and prior to the timely filing of interrogatories on Mr. Tessier in 1980, none of the deceased defendants’ heirs were substituted nor were any of the heirs served with any pleadings. Delta’s petition does not allege solidarity between the owners. We are satisfied the trial court correctly held that interrogatories directed to one defendant was not a “step” sufficient to interrupt the abandonment period as to the other defendants.
Delta also argues the interrogatories to Mr. Tessier was an effort to identify the heirs to be substituted. The failure to substitute parties is of no moment as long *786 as the Art. 561 abandonment period has not run. Borne v. Brumfield, 363 So.2d 79 (La.App. 4th Cir.1978). If Delta had taken a “step” involving the cited defendants (though deceased), or a “step” which could be construed as inuring to the benefit of all parties, even if the proper parties had not been substituted, this would have tolled the five year period.
Finally, plaintiff urges under Chevron Oil Co. v. Traigle, supra, the movers for dismissal have not been substituted as parties defendant, hence, they waived their right to seek abandonment. We disagree. In Chevron the defendants filed motions for summary judgment before claiming Art. 561 relief. The Supreme Court said: “By allowing a suit to be submitted for decision, the defendant clearly consents to have the matter resolved upon its merits.” Id. 436 So.2d at 534. The court expressly stated it was not passing upon the effect of any other action by defendant “short of submission of the case for decision.” Id. at 535. The failure to substitute parties did not constitute a waiver of the movers’ right to seek dismissal on the basis of abandonment as contemplated by the jurispruden-tially recognized exceptions to the abandonment rule.[3]
Art. 561 by its terms is self-operative and the order of dismissal shall be entered on the “ex parte motion of any party or other interested person.” Movers clearly had not waived their right to seek abandonment, were “interested person[s]” within the meaning of the article, and were entitled to move for dismissal on abandonment.
The judgment of the District Court is affirmed. Costs to be paid by appellant.
AFFIRMED.

. LSA-C.C.P. Art. 561 provides in part:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or any interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.

. Defendants acknowledge the filing of interrogatories constitutes a "step” in the procéedings. Edwards v. Giambrone, 353 So.2d 326 (La.App. 1st Cir.1977) writ denied 354 So.2d 1375 (1978). Plaintiff concedes there was no other “step” to interrupt the abandonment.

. “Under article 3519, two exceptions to the rule of five year abandonment were recognized: (1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. Melancon v. Continental Casualty Co., supra, 307 So.2d at 311. See La.Code Civ.P. art. 561, Comment (c) (1960), and cases cited therein." Chevron Oil Co., supra, at 533.