SHORTESS, Judge,
dissenting.
The majority opinion fails to analyze the applicable law as it relates to these facts, which are distinguishable from Murphy. Murphy in turn relied upon Bolden v. Brazile, 172 So.2d 304 (La.App. 4th Cir.1965), and McClure v. A. Wilbert’s Sons Lumber & Shingle Company, et al., 232 So.2d 879 (La.App. 1st Cir.1970). Both cases involved defendants who had never been served and against whom no action had been taken, and held that therefore the actions could be dismissed for abandonment as to the un-served defendants. Murphy, on the other hand, involved a defendant against whom a step had been taken, but who had never been served during the five-year period.
Landry v. Thomas, 422 So.2d 513 (La. App. 4th Cir.1982), writ denied, 429 So.2d 143 (1983), presents facts similar to this case. In Landry, a defendant who had not been served with process during the five-year period had nonetheless been served with notice of a motion to depose him before the five years were up. In that case, the Fourth Circuit refused to follow Murphy, reasoning that in neither Bolden nor McClure, upon which Murphy relied, had the failure to serve been the dispositive element; rather, it was the failure to take any steps in the prosecution against an unserved defendant which had resulted in abandonment.
*887 Sparks was deposed by plaintiff on December 21, 1982, and the deposition was filed in the record on February 18, 1983. Unlike Murphy, where the “step” consisted merely of a motion to set the case for trial by an attorney who had not previously appeared for plaintiffs, here Sparks was actually served with a notice of deposition, was physically present at a deposition with counsel, and was questioned at length about the facts of the accident at issue. Although her deposition may not constitute a general appearance under LSA-C.C.P. art. 7, it was clearly a step in the prosecution of the action, and she was clearly on notice of the lawsuit.
The problem becomes, then, whether Delta Development is applicable when, during the five-year period, action is taken against served, defendants but not against un-served defendants. Does the deposition of Carol Bueche, filed in the record on May 6, 1983, constitute a step in the defense of the action sufficient to interrupt the five-year period of abandonment as to Sparks? Sparks was certainly on notice of the lawsuit. She was deposed, with counsel present, on the material issue of the lawsuit — liability. Discovery activity continued until May 6, 1983, and the plaintiff moved the case forward again on April 21, 1988, when Sparks was served. Abandonment proceedings should be given a liberal interpretation. Acosta v. Hepplewhite Home, Inc., et al, 450 So.2d 770 (La.App. 5th Cir.1984). Here, there is absolutely no indication that either side intended to abandon the ease. Delta Development is applicable, and the plaintiffs action against Sparks should not be dismissed.
I respectfully dissent.