COVINGTON, Chief Judge.
Sandra G. Bissett (plaintiff), tutrix of the minors Melissa and Jason Bissett, appeals from a judgment maintaining an exception of abandonment under LSA-C.C.P. article 561 as to Allstate Insurance Company (Allstate) and Renee Hegwood Sparks, defendants in the action,[1] and dismissing the *885 plaintiff’s petition as against Sparks, Allstate Insurance Company, and Joseph 0. Carey.
Plaintiff filed suit against defendants Allstate and Renee Hegwood on August 11, 1982. The petition bears on its face a request to serve Allstate and Renee Heg-wood. Allstate filed its answer on September 21, 1982; no appearance was made on behalf of Renee Hegwood, its insured. On December 2, 1982, the depositions of plaintiff and three witnesses were taken by counsel for Allstate; those depositions were filed in the record on February 14, 1988. On December 21, 1982, the deposition of Renee Hegwood Sparks was taken by plaintiffs counsel; it was filed in the record on February 18, 1983. On March 18, 1983, plaintiff died. On May 6, 1983, counsel for Allstate took the deposition of a witness, Carol Bueche; which was filed in the record on June 6, 1983. No further action was taken by either side until April 21, 1988, when plaintiff filed a motion and order to substitute Sandra G. Bissett as party plaintiff in the case, along with a First Supplemental and Amending Petition which added Joseph 0. Carey as a defendant.
Defendants raise two issues in support of the judgment of dismissal for abandonment under LSA-C.C.P. article 561. Plaintiffs brief addressed only one issue; whether action taken by a defendant after the death of an original party plaintiff, but before the substitution of new parties in the action, serve to interrupt the five-year period for abandonment of an action set forth under LSA-C.C.P. article 561 as to the substituted plaintiffs. We will address that issue first.
Defendants’ position is that the deposition of Carol Bueche, taken on May 6, 1983, and filed in the record on June 3, 1983, was not a “step” in the defense of the action sufficient to interrupt the five-year period for abandonment because at the time of the deposition, the original party plaintiff was deceased; therefore, there was no proper party plaintiff as to whom any “step” could be taken by defendants. Plaintiff argues that since, under LSA-C.C.P. article 428, an action does not abate on the death of a party, the death of the original party plaintiff was irrelevant. A party may be substituted at any time so long as the action had not been abandoned. LSA-C.C.P. article 801; J. Wilton Jones v. Liberty Mutual Insurance Company, 248 So.2d 878 (La.App. 4th Cir.), writ denied, 259 La. 61, 249 So.2d 202 (1971).
We agree with the plaintiff that the original party plaintiff’s death is irrelevant insofar as abandonment of the action. Under substantive succession law, the heirs of a decedent are “seized” of the succession immediately after the death of the deceased person, by operation of law. LSA-C.C. article 940, 941. This action was brought in tort; under LSA-C.C. article 2315.1, the decedent’s children and surviving spouse are statutorily named beneficiaries to the survival action, which was already instituted at the time of the decedent’s death. At the time that the plaintiff was substituted, it had not yet been abandoned because defendant Allstate, by taking the deposition of Carol Bueche, effectively moved the case toward judgment. Highlands Insurance Co. v. City of Lafayette, 453 So.2d 608 (La.App. 3d Cir.), writ denied, 458 So.2d 119 (La.1984). The fact that the original plaintiff had died at that time makes no difference because, although no party may have been before the court procedurally, the action did not abate and a class of heirs was immediately “seized” of all the rights belonging to the deceased, one of which was his claim for damages against defendants.[2]
The second issue raised by these facts and briefed by defendants, although *886 not addressed by plaintiff, is the effect plaintiffs failure to serve Renee Hegwood Sparks until after April 21, 1988, may have on abandonment of the action as to her. Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984) recently considered LSA-C.C.P. art. 561 and held that, as to served defendants, a step in prosecution as to one interrupts abandonment as to all others, regardless of solidarity. However, defendants argue that any action taken against an unserved defendant cannot be a step in the prosecution of the action so as to interrupt the five-year period of abandonment under LSA-C.C.P. article 561.
We agree. Defendants cite Murphy v. Hurdle Planting and Livestock, Inc., 331 So.2d 566 (La.App. 1st Cir.), writ denied, 334 So.2d 434 (1976), for the proposition that any step taken against an unserved defendant is not effective as a step in the .'prosecution of the case. Murphy, concerned a defendant against whom a step had been taken, but who had never been served during the five-year period. In that case, this Court held that any steps taken to hasten the matter to judgment were ineffective as to defendants not served. The basis for this holding is LSA-C.C.P. article 1201, which states: “Citation and service are necessary in all civil actions except summary and executory proceedings. Without them, all proceedings are absolutely null.”
Thus, any deposition taken during the five-year period are ineffective as steps in prosecution of the action against Sparks. We hold Delta Development Co., Inc., is not applicable to this situation involving an unserved defendant.
However, as we stated earlier, the deposition of Carol Bueche taken by Allstate was a step in the defense of the action sufficient to interrupt the five-year period, or a waiver of abandonment, as to Allstate. Therefore, the portion of the judgment dismissing plaintiffs claims against Allstate must be reversed.
As plaintiffs have apparently abandoned on appeal any argument as to the dismissal of their petition against Joseph 0. Carey on the basis of prescription, that portion of the trial court’s judgment is final.
We affirm the portion of the judgment of the trial court dismissing Rene Hegwood Sparks and Joseph 0. Carey. We reverse that portion of the judgment dismissing Allstate Insurance Company and remand this matter to the trial court for further proceedings consistent with the views expressed herein.
Costs of this appeal are to be divided equally between plaintiffs and defendant Allstate.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SHORTESS, J., dissents and will assign reasons.

. The original plaintiff was Leon J. Bissett, whose name appears in the caption of the case; Sandra G. Bissett, tutrix of the minors Melissa and Jason Bissett, was substituted as plaintiff by *885 order signed April 25, 1988. Plaintiff does not appeal the dismissal of Joseph 0. Carey from the action on the basis of prescription.

. We have reviewed the case of King v. American Motorists Insurance Co., et al. 295 So.2d 26 (La.App. 4th Cir.1974), and are aware of some dicta contrary to the opinion expressed here. King v. American Motorists Insurance Co., et al. 295 So.2d 26 at 28. We disagree with King on this point, and are in any event not constrained to consider it here.