626 So.2d 59 (1993)
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiff-Appellant,
v.
WASTE MANAGEMENT, INC., et al., Defendants-Appellees.
No. 93-94.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
Sherryl Jones Tucker, Richard Mark Upton, Baton Rouge, for Dept. of Transportation and Development.
Jerry Joseph Falgoust, Opelousas, for Waste Management, Inc. et al.
Before YELVERTON, KNOLL and THIBODEAUX, JJ.
YELVERTON, Judge.
The Department of Transportation and Development (DOTD) sued Waste Management and Herbert Riggs. The suit was dismissed on the basis of abandonment pursuant to La.Code Civ.P. art. 561. The DOTD appeals. We reverse and remand.

FACTS
On March 27, 1987, the DOTD sued these two defendants for damage caused by a Waste Management truck driven by Riggs when it hit a bridge on the Missouri Pacific Overpass/U.S. 190 in St. Landry Parish. The suit papers noted that service information would be provided at a later date.
The next action in the case occurred on January 18, 1991, when Richard Upton filed a motion to enroll as co-counsel of record for DOTD. The next action took place on March 27, 1992, when a motion to set for trial was *60 filed by DOTD. The trial court denied that motion because issue had not been joined: no answer had been filed by either defendant.
Service on Waste Management was finally requested on May 21, 1992. This was more than five years after the suit was filed.
In response to Waste Management's motion to dismiss on the grounds of abandonment, the trial judge signed a judgment dismissing the DOTD's suit against both defendants.

ABANDONMENT
La.Code Civ.P. art. 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. The DOTD argues that the filing of the motion to fix the case for trial was a "step" in the prosecution of this action and that it did not matter that the defendants had not been served. We agree, on the authority of the following cases: Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984); Bissett v. Allstate Ins. Co., 567 So.2d 598 (La.1990); King v. American Motorists Insurance Co., 295 So.2d 26 (La.App. 4th Cir.1974); Landry v. Thomas, 422 So.2d 513 (La.App. 4th Cir. 1982), writ denied, 429 So.2d 143 (La.1983); and Sprowl v. Wohl, 576 So.2d 638 (La.App. 4th Cir.), writ denied, 580 So.2d 928 (La. 1991).
In King, suit was filed but nothing further happened, not even service of process on any defendant, until three days short of five years, when the plaintiff amended his petition and requested service of process on all defendants. The court held that the inclusion in the record of plaintiff's amending petition and his formal request for service were steps in the prosecution and, coming as they did within five years from suit, the action was not abandoned.
The Sprowl case also involved service of process. Some defendants were served and others were not. Action was taken within five years from the date of suit involving the served defendants but not an unserved defendant. The unserved defendant in that case, Dr. Carl Pope, was finally served ten years after the suit was filed. The court held that Dr. Pope's efforts to get the suit declared abandoned against him were unavailing. The court decided that action taken within five years with respect to another defendant interrupted the five year period as to all defendants, including Dr. Pope, whether served or not served.
In Landry, the defendant was not served with process until more than five years after suit, but a motion to take his deposition was filed (though this, too, was not served until after suit) on the last day of the five years from suit. The Landry court held that this was a formal step indicating that there had in fact been no abandonment of the action.
In the Delta Development case, multiple parties were sued. After September 2, 1975, nothing happened in the case until August 25, 1980, when Delta propounded interrogatories to one of the defendants. In 1982 the other defendants filed a rule to dismiss for failure to prosecute the case against them. The trial court granted the motion and the court of appeal affirmed. The Supreme Court reversed. It said: "When any party to a lawsuit takes formal action in the trial court, it is effective as to all parties.... The five-year period of inaction which constitutes an abandonment was interrupted as to all the defendants by the interrogatories propounded to W. John Tessier."
In Bissett, the Supreme Court in a per curiam opinion reversed the majority opinion of the court of appeal and stated that for the reasons assigned by Judge Shortess in his dissenting opinion, the suit in that case was not abandoned. The court of appeal opinion is reported in 560 So.2d 884. Suit was filed in August 1982 against several defendants, including Renee Hagewood Sparks. In May 1983 the deposition of a witness was taken and that deposition was filed in the record on June 6, 1983. This filing was regarded by both the majority and the dissenting judges as a step in the prosecution of the case. Renee Hagewood Sparks was not served until April 21, 1988. She argued that this step in the prosecution (the deposition of a witness) did not stop the tolling of the five-year period of abandonment because she was an unserved defendant at the time the step was taken. The majority of the First Circuit agreed, and Judge Shortess disagreed. *61 Judge Shortess' dissent put the question as whether the filing of the deposition in 1983 constituted a step in the defense of the action (the deposition was taken by an insurer defendant) sufficient to interrupt the five-year period of abandonment as to Sparks. Noting that "there is absolutely no indication that either side intended to abandon the case", Judge Shortess reasoned that a liberal interpretation of abandonment proceedings required a holding that the filing of the deposition interrupted the five-year abandonment even as to the unserved defendant Sparks. These were among the reasons given by Judge Shortess in his dissent which the Supreme Court expressly approved in its per curiam in the Bissett case.
Putting these cases together we now revisit the facts of the present case. Both defendants, Waste Management and Riggs, were sued but never served before the passage of five years. The suit was filed on March 27, 1987. On January 18, 1991, Richard Upton, an attorney, enrolled as co-counsel for the DOTD. The record reflects that on or just before March 27, 1992, the DOTD moved for a trial fixing in the case. Although the motion is not in the record, counsel for the defendants stated at the hearing on the motion to dismiss that the motion to set the case for trial was faxed to his office on March 27. On April 15, 1992, the trial judge in a per curiam acknowledged that the plaintiff had requested a trial fixing, but declined to fix it for trial because no answer had been filed by the defendants and issue had not been joined. The defendants were not served until May 21, 1992. They moved for dismissal and the trial judge granted the dismissal finding that the prosecution had been abandoned.
On the principles applied in the above discussed cases, we find that the case was not abandoned. Whether or not the defendants were served within the five years is not relevant. All that is relevant is whether a "step" in the prosecution of the case was taken within the five years. For the purpose of La.Code Civ.P. art. 561, a "step" in the prosecution or defense is taken when a party "takes formal action, before the court and on the record, intended to hasten the matter to judgment." Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). The word requires liberal construction. Bissett, (Shortess, dissenting). Interpreting the word liberally, we do not believe that it is necessary that the step actually move the case forward as the trial judge apparently believed. We think the more important consideration is whether the step taken demonstrates that the party has not abandoned either the prosecution or the defense of the case. Here, the motion to set the case for trial when an answer had not been filed and issue had not been joined, was without doubt an error based on a false assumption made by new counsel for the DOTD. Although the motion was denied, it was not without effect. The motion to set the case for trial turned out to be a step toward the prosecution of the case, if for no other reason than that it served as a means whereby counsel learned that the defendants had not been served, and prompted action to obtain service. The filing of the motion was at least intended to hasten judgment. The filing evidences no intent on the part of the plaintiff to abandon the case. As we interpret the cases, especially the Supreme Court's endorsement of Judge Shortess' dissent in Bissett, this is all we need to find in order to hold that the judgment dismissing the case as abandoned was error. For these reasons, we reverse and remand the matter for further proceedings.
Waste Management, Inc., will pay the costs of this appeal.
REVERSED AND REMANDED.