DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1136

TERRY AND DEBRA CARTER, DAVID AND LUCILLE CAMPO

VERSUS

RAPIDES PARISH SCHOOL BOARD

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 226,362
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.

**Saunders, J., dissents and assigns written reasons.**

AFFIRMED.

Thomas D. Davenport, Jr.
1628 Metro Drive
Alexandria, LA 71301
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Terry and Debra Carter

Jon K. Guice
Courtney T. Joiner
Linda K. Ewbank
1881 Hudson Circle
Monroe, LA 71201
COUNSEL FOR DEFENDANT/APPELLEE:
    Rapides Parish School Board

**PAINTER, Judge**

Plaintiffs, Terry and Debra Carter, appeal the dismissal of their suit against the Rapides Parish School Board (RPSB) on grounds of abandonment. For the following reasons, we affirm the judgment of the trial court.

## FACTS

On November 30, 2006, the Carters and David and Lucille Campo filed suit against the RPSB in connection with alleged wrongful terminations. On November 10, 2008, the Carters filed a supplemental and amending petition which essentially eliminated the Campos from the suit. Counsel for the Carters, John W. Scott, died on April 25, 2009. Albin Provosty was appointed as curator for Scott to determine the status of the cases and to advise Scott's clients to retain new counsel. Provosty contacted the Carters and told them that they needed to take action which would be considered a step in the prosecution of the case by November 10, 2011. The Carters retained counsel, but on April 25, 2011, the RPSB moved to dismiss the case based on abandonment.

The trial court granted the motion, finding that the Carters had not taken a step in the prosecution of the case for three years. The Carters appeal.

## DISCUSSION

Louisiana Code of Civil Procedure Article 561 provides, in pertinent part, that:

> A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any

1

step in its prosecution or defense in the trial court for a period of three years . . . .

. . . .

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

The question before this court is whether the November 10, 2008 supplemental petitions constituted a step in the prosecution of the Carters' case. The trial court, in ruling on the motion to dismiss, found that the supplemental petition did not raise any new issue. The Carters argue that it was a step in the prosecution because it added factual allegations that support their claims and expanded the basis of the cause of action.

This court, in *Carraway v. City of Alexandria*, 96-1629, pp. 4-5 (La.App. 3 Cir. 4/30/97), 693 So.2d 314, 316 stated that: "the filing of an amended petition is a 'step' within the meaning of Article 561, if the amended petition is more than a restatement of the original petition."

After reviewing the November 8, 2008 supplemental and amending petition, we find that it is a restatement of the original petition with the omission of the Campos as plaintiffs. Nothing else of substance was changed or added. As a result, we agree with the trial court that the filing of the supplemental and amending petition does not constitute a step in the prosecution of the case. Therefore, we find no error in the trial court's decision to dismiss Plaintiffs' case.

2

**CONCLUSION**

For these reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Plaintiffs/Appellants, Troy and Debra Carter.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1136

TERRY AND DEBRA CARTER, ET AL.

VERSUS

RAPIDES PARISH SCHOOL BOARD

**SAUNDERS, Judge, dissents and assigns written reasons.**

I disagree with the majority opinion. Our Supreme Court, in *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, pp. 8-9 (La. 5/15/01), 785 So.2d 779, 785-86, stated:

> The jurisprudence has uniformly held that [La.Code Civ.P. art.] 561 is to be liberally construed in favor of maintaining a plaintiff's suit. The jurisprudence has echoed some general policy considerations that dictate this result. Oft-quoted is the following statement by Justice (then Judge) Lemmon in *Kanuk v. Pohlmann*, 338 So.2d 757, 758 (La.App. 4th Cir.1976), *writ denied*, 341 So.2d 420 (La.1977):
>
> > The purpose of the C.C.P. art. 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiff's inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action.

In my view, the filing of a supplemental, amending petition, however innocuous, constitutes a "step" taken in prosecution of a suit. This case is the first in Louisiana jurisprudence in which a suit is deemed abandoned because the supplemental, amending petition is simply a restatement of the facts alleged in the original petition. In the *Carraway* case cited by the majority opinion, this court found that the supplemental, amending petition contained items not originally alleged.

In *Carraway*, the "requirement" that the supplemental, amending petition has to be more than a restatement of the facts alleged in the original petition was stated as such to be in agreement with a Fourth Circuit case, *Guarino v. Pendleton Memorial Methodist Hospital*, 94-1264, 94-2064 (La.App. 4 Cir. 2/23/95), 650 So.2d 1243. . This "requirement" that the *Carraway* court read into the *Guarino* decision was merely an argument made by counsel representing the defendant physician in a malpractice action. The Fourth Circuit found no merit to that argument. At no point in the *Guarino* opinion does the Fourth Circuit state that a supplemental, amending petition must be more than a restatement of the original petition. The case before us now takes *Carraway's* misstatement of *Guarino* and cites that misstatement as the linchpin of its decision. This is a substantial change in Louisiana jurisprudence which runs contrary to the clear intent of Article 561 and also runs contrary to our supreme court's jurisprudence.

Additionally, I do not think that the majority opinion's rule or ruling is in the spirit of La.Code of Civ.P. art. 561. I think the correct application of Article 561 is best encapsulated by this court in *DOTD v. Waste Management, Inc.*, 626 So.2d 59 (La.App. 3 Cir. 1993). There, an enlightened panel of our court stated:

> For the purpose of La.Code Civ.P. art. 561, a "step" in the prosecution or defense is taken when a party "takes formal action, before the court and on the record, intended to hasten the matter to judgment." *Chevron Oil Co. v. Traigle*, 436 So.2d 530, 532 (La.1983). The word requires liberal construction. *Bissett* [*v. Allstate Ins. Co.*, 567 So.2d 598 (La.1990)](Shortess, dissenting). Interpreting the word liberally, we do not believe that it is necessary that the step actually move the case forward as the trial judge apparently believed. We think the more important consideration is whether the step taken demonstrates that the party has not abandoned either the prosecution or the defense of the case.

*Id.*, at 60.

Moreover, even using the "requirement" deemed necessary by the majority opinion, I feel that this case warrants finding against abandonment. The original

petition filed in this case cited two plaintiffs while the supplemental, amending petition removes one of those plaintiffs. To me, this, in and of itself, is a "step." The Rapides Parish School Board can now focus its defense on the single plaintiff remaining, Mr. Carter.

Further on this point, Paragraph 5 of the original petition states that Mr. Campo "is unable to squat, to dig ditches and related manual labor" while merely stating that "Mr. Carter underwent surgery on his left shoulder, was thereafter allowed to return to work with medical physical limitations on his duties, and has suffered complications wherein additional surgery is contemplated." In the supplemental, amending petition, Paragraph 5 was amended to state that Mr. Carter "is unable to squat, to dig ditches and related manual labor."

To me, this is a significant difference that also warrants ruling against abandonment even under that framework stated in the proposed majority opinion. The original petition's statement that Mr. Carter had physical limitations is very generic, and the Rapides Parish School Board was not put on notice which physical limitations Mr. Carter claimed were relevant as to whether he could have performed the work allegedly assigned. The supplemental, amending petition specifically states what Mr. Carter could not do. Thus, the supplemental, amending petition put the Rapides Parish School Board on notice to collect evidence relevant to Mr. Carter's specified physical limitations. To me, this revelation of the specific, relevant physical limitations at issue is a "step" in the prosecution of the case not unlike answering propounded discovery.

Likewise, Paragraph 6 was amended to include the additional fact that Mr. Campo informed his supervisor that the job required physical labor and that he felt help would be necessary to do this job. This fact is relevant as to whether Mr. Carter actually refused to do that job and whether it was reasonable for Mr. Carter

3

to be fired after this notification. Additionally, this addition of Mr. Campo's supervisor in the supplemental, amended petition notified the Rapides Parish School Board of a potential witness that was not mentioned in the original petition. Surely being made aware of a witness hastens a suit to its end.

Given the above, I respectfully dissent.