STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 0580

SHEILA WILLIAMS

VERSUS

ANGELA [APRIL] MONTGOMERY, AND FOREMOST INSURANCE
COMPANY, ET AL

JUDGMENT RENDERED: **AUG 1 8 2020**

* * * * * * *

Appealed from the
Seventeenth Judicial District Court
In and for the Parish of LaFourche • State of Louisiana
Docket Number 125039 • Division "E"

The Honorable F. Hugh Larose, Judge Presiding

* * * * * * *

| | |
|---|---|
| Richard H. Barker, IV<br>New Orleans, Louisiana | ATTORNEY FOR APPELLANT<br>PLAINTIFF—Sheila Williams |
| D. Russell Holwadel<br>Heather England Reznik<br>New Orleans, Louisiana | ATTORNEYS FOR APPELLEE<br>DEFENDANT—Angela "April"<br>Montgomery |
| Daniel G. Brenner<br>Christina S. Slay<br>Alexandria, Louisiana | ATTORNEYS FOR APPELLEE<br>DEFENDANT—Foremost<br>Insurance Company |

* * * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WELCH, J.**

Sheila Williams, appeals the trial court's judgment dismissing her claims against April Montgomery[1] for abandonment. For the following reasons, we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

On May 3, 2013, Williams was allegedly injured in a slip-and-fall accident that occurred on immovable property she leased from Montgomery, a family friend. On May 2, 2014, Williams filed a petition for damages against Montgomery and Montgomery's insurer, Foremost Insurance Company. Williams requested service of process on Foremost, but withheld service on Montgomery while the parties allegedly pursued settlement negotiations.

Foremost filed an answer to Williams' petition for damages on February 2, 2017. Then on August 8, 2017, Foremost filed a motion for abandonment and requested that the trial court enter a formal order of dismissal "as to Montgomery" in accordance with La. C.C.P. art 561. Foremost alleged that the matter abandoned by operation of law "as to Montgomery" on May 2, 2017, because Williams took no formal step in the prosecution of her action against Montgomery in the trial court for more than three years. Foremost also alleged that Williams failed to request service on Montgomery within the ninety-day time limit established by La. C.C.P. art 1201(C).

Foremost also filed a peremptory exception raising the objections of no cause of action, no right of action, and a motion to dismiss on October 2, 2017. Foremost alleged that Williams failed to state a cause of action against Foremost and had no right of action against Foremost pursuant to La. R.S. 22:1269, the

---

[1] Williams incorrectly identified April Montgomery as "Angela" Montgomery in her petition for damages.

2

direct action statute. Williams opposed Foremost's objections and motion to dismiss.

The trial court held a hearing on Foremost's motion for abandonment "as to Montgomery" as well as its objections of no cause of action, no right of action, and motion to dismiss on January 9, 2018, with counsel for Williams and Foremost present.[2] Thereafter, the trial court signed a judgment on February 9, 2018,[3] which ordered as follows:

> This matter was called for hearing on [Foremost's] Motion for Abandonment, and [Foremost's] Exception of No Cause of Action on January 9, 2018. Present in court were Christina S. Slay on behalf of [Foremost], and Richard H. Barker, IV on behalf of [Williams]. The Court, having considered the pleadings and the argument of counsel, and being of the opinion that the law and the evidence so require, hereby rules as follows[:]

---

[2] The trial court improperly set the motion to dismiss on the basis of abandonment for a hearing instead of signing an order of dismissal *ex parte* as required by La. C.C.P. art. 561(A)(3). There is also no evidence in the record that any order of dismissal was served by the sheriff in accordance with La. C.C.P. art. 1314 with a return executed pursuant to La. C.C.P. art. 1292. Article 561(A)(3) makes clear that any party may file an *ex parte* motion for dismissal by affidavit, and then the "trial court *shall* enter a formal order of dismissal." (Emphasis added.) Article 561(A)(4) then provides that a motion to set aside a formal order of dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. See also **McNealy v. Englade**, 2019-0573 (La. App. 1st Cir. 2/21/20), 2020 WL 862125, at **4-5 (unpublished).

However, the trial court's failure to follow the proper abandonment procedure pursuant to Article 561 is of no moment in this specific instance, nor is it prejudicial to Williams, since we are reversing the trial court's grant of Montgomery's motion to dismiss for abandonment on the merits.

[3] Contrary to the assertions of the parties and the trial court throughout the record, the February 9, 2018 judgment did not dismiss Montgomery from this lawsuit. The February 9, 2018 judgment is not a valid, final judgment. A valid judgment must be "precise, definite, and certain." **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So. 2d 364, 365-66. Moreover, a final judgment (such as one that dismisses a party) must contain decretal language—it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See **Carter v. Williamson Eye Center**, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So. 2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record, such as pleadings or reasons for judgment. **Laird**, 836 So. 2d at 366.

In this case, although the February 9, 2018 judgment purported to grant Foremost's motion for abandonment, the judgment lacks sufficient decretal language. In the absence of proper decretal language, the February 9, 2018 judgment is defective and must be considered interlocutory. When an unrestricted appeal is taken of a final judgment determinative of the merits, the appellant is generally entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. **Judson v. Davis**, 2011-0623 (La. App. 1st Cir. 11/9/11), 81 So. 3d 712, 724, writ denied, 2011-2747 (La. 2/17/12), 82 So. 3d 288. Accordingly, we may review the February 9, 2018 interlocutory judgment in conjunction with our review of the January 8, 2019 final judgment on appeal.

3

> [Foremost's] Motion for Abandonment is GRANTED as unopposed. [Foremost's] Exception of No Cause of Action is GRANTED, and [Williams] is given 30 days to file her 1st Amended Petition.

In accordance with the trial court's ruling, Williams filed a first amended petition for damages against Montgomery and Foremost on February 8, 2018. On February 15, 2018, the Clerk of Court executed the citation for service of process on Montgomery, serving her with Williams' original petition for damages and first amended petition for damages. Foremost answered Williams' first amended petition for damages on March 7, 2018.

On April 25, 2018, Montgomery filed a declinatory exception raising the objection of improper venue, a peremptory exception raising the objection of *res judicata*, and in the alternative, a motion to dismiss for abandonment. Montgomery argued that Lafourche Parish was not the proper venue for this litigation; that because she was dismissed from this matter by the trial court's prior February 9, 2018 judgment that granted Foremost's motion for abandonment, her objection of *res judicata* should be sustained; or in the alternative, the trial court should grant her motion for abandonment because Williams failed to prosecute the action against her in accordance with La. C.C.P. art. 561.

Williams opposed Montgomery's objections and motion to dismiss. Williams also filed a second amended petition for damages on November 5, 2018. Foremost answered Williams' second amended petition for damages and filed a dilatory exception raising the objection of vagueness.

Following a hearing on Montgomery's objections and motion to dismiss for abandonment, the trial court signed a judgment on January 8, 2019, granting Montgomery's motion to dismiss for abandonment and entering judgment in favor of Montgomery and against Williams, dismissing all of Williams claims against Montgomery, with prejudice. The trial court rendered Montgomery's objections of

improper venue and *res judicata* moot. Williams now appeals. Montgomery has also filed a peremptory exception raising the objection of prescription in this court.

## LAW OF ABANDONMENT

Louisiana Code of Civil Procedure article 561 governs abandonment and provides, in pertinent part:

> A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding....
>
> . . .
>
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
>
> (4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

Abandonment under Article 561 is self-executing; it occurs automatically on the passing of three years without a step being taken by either party, and it is effective without a court order.[4]  Abandonment functions to relieve courts and parties of lingering claims.  When the parties take no steps in the prosecution or defense of their claims during an extended period of time, as designated by the legislature, the logical inference is that the party intends to abandon the claim, and the law gives effect to this inference. **Satterthwaite v. Byais**, 2005-0010 (La. App. 1st Cir. 7/26/06), 943 So. 2d 390, 392.

---

[4] Article 561 was amended by 1997 La. Acts No. 1221, § 1 (eff. July 1, 1998), changing the time period for abandonment of an action from **five years** to **three years**.

Louisiana Code of Civil Procedure article 561 imposes three requirements to avoid abandonment: (1) a party must take some "step" in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. **Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.**, 2011-0912 (La. 12/6/11), 79 So. 3d 978, 981.

A "step" is a formal action before the court that is intended to hasten the suit towards judgment, or is the taking of formal discovery. Moreover, the step must: be taken in the court where the suit is pending; appear in the record, except for discovery; and must occur within the legislatively prescribed time period. **Brown v. Kidney and Hypertension Assocs., L.L.P.**, 2008-0919 (La. App. 1st Cir. 1/12/09), 5 So. 3d 258, 266.

Montgomery and Foremost have both argued that the action was abandoned "as to Montgomery," since no action was taken involving Montgomery between April 2014 and May 2017, a period of more than three years. It is well settled, however, that when *any party* to a lawsuit takes formal action in the trial court, it is effective *as to all parties*. **Delta Am. Corp. v. Reliant Techs., Inc.**, 2009-1895 (La. App. 1st Cir. 5/11/10), 2010 WL 1872877, at *2 (unpublished) (citing to **Delta Dev. Co. v. Jurgens**, 456 So. 2d 145, 146 (La. 1984)). Any action or step taken in a case to move the case toward judgment should be considered. **Brown**, 5 So. 3d at 265.

Furthermore, it is immaterial that Montgomery was not served until after the tolling of the three-year abandonment period. All that is relevant is whether a "step" in the prosecution of the case was taken within the three years by any party. Our courts do not make a distinction between cases wherein service is actually

6

made prior to the prescriptive period and cases wherein service is made after the prescriptive period. See, e.g., **Delta Development Co., Inc. v. Jurgens**, 456 So. 2d 145, 146 (La. 1984);[5] **Bissett v. Allstate Ins. Co.**, 560 So. 2d 884, 886 (La. App. 1st Cir.), writ granted, judgment aff'd in part, rev'd in part, 567 So. 2d 598 (La. 1990);[6] **King v. American Motorists Insurance Co.**, 295 So. 2d 26, 28-29 (La. App. 4th Cir. 1974);[7] **Landry v. Thomas**, 422 So. 2d 513, 514 (La. App. 4th Cir. 1982), writ denied, 429 So. 2d 143 (La. 1983);[8] **Sprowl v. Wohl**, 576 So. 2d 638, 639 (La. App. 4th Cir.), writ denied, 580 So. 2d 928 (La. 1991);[9] **Dep't. of**

---

[5] In the **Delta Development** case, multiple parties were sued. Nothing happened in the case for five years until Delta propounded interrogatories to one of the defendants. Two years later, the other defendants filed a rule to dismiss for failure to prosecute the case against them. The trial court granted the motion and the court of appeal affirmed. The Supreme Court reversed, holding that "[w]hen any party to a lawsuit takes formal action in the trial court, it is effective as to all parties....The five-year period of inaction which constitutes an abandonment was interrupted as to all the defendants by the interrogatories propounded to" the one defendant.

[6] In **Bissett**, the Supreme Court in a *per curiam* opinion reversed the majority opinion of the First Circuit and stated that for the reasons assigned by Justice Shortess in his dissenting opinion, the suit in that case was not abandoned. Suit was filed in August 1982 against several defendants. In May 1983, the deposition of a witness was taken and that deposition was filed in the record on June 6, 1983. This filing was regarded by both the majority and the dissenting judges as a step in the prosecution of the case. However, one defendant was not served until April 21, 1988. The unserved defendant argued that this step in the prosecution (the deposition of a witness) did not stop the tolling of the then-applicable five-year period of abandonment because she was an unserved defendant at the time the step was taken. The majority of the First Circuit agreed. **Bissett v. Allstate Ins. Co.**, 560 So. 2d 884, 886 (La. App. 1st Cir.), writ granted, judgment aff'd in part, rev'd in part, 567 So. 2d 598 (La. 1990).

However, the Supreme Court disagreed. Noting that "there is absolutely no indication that either side intended to abandon the case," Justice Shortess reasoned that a liberal interpretation of abandonment proceedings required a holding that the filing of the deposition interrupted the then-applicable five-year abandonment, even as to the unserved defendant. These were among the reasons given by Judge Shortess in his dissent which the Supreme Court expressly approved in its *per curiam* in the **Bissett** case.

[7] In **King**, plaintiff filed suit, but nothing further happened, not even service of process on any defendant, until three days short of the then-applicable five year abandonment period, when the plaintiff amended his petition and requested service of process on all defendants. The court held that the inclusion in the record of the plaintiff's amending petition and his formal request for service were steps in the prosecution and, coming as they did *within* five years from suit, the action was not abandoned.

[8] In **Landry**, the defendant was not served with process until more than five years after suit, but a motion to take his deposition was filed on the last day of the former abandonment period, five years from suit. The **Landry** court held that this was a formal step and found that there had been no abandonment of the action.

[9] In **Sprowl**, some defendants were served, while others were not. Action was taken within the abandonment period by served defendants, but not by the unserved defendant. The unserved defendant in that case was finally served ten years after the suit was filed. The court held that the

**Transp. & Dev. v. Waste Mgmt., Inc.,** 626 So. 2d 59, 61 (La. App. 3rd Cir. 1993);[10] and **DeGruy v. Jenkins,** 2003-1797 (La. App. 4th Cir. 12/17/03), 863 So. 2d 693, 696-97.[11]

## DISCUSSION

The record is clear that on February 2, 2017, Foremost filed an answer to Williams' original petition for damages. Foremost's answer was a "step" in the prosecution or defense that appeared in the record, which adequately gave notice to the parties that the lawsuit had not been abandoned. Foremost's answer was a formal action in the trial and was effective *as to all parties*, including Montgomery. See **Delta Am. Corp.,** 2010 WL 1872877, at *2 (citing to **Delta Dev. Co.,** 456 So. 2d at 146). Because that filing occurred within three years of the prior action taken in the prosecution or defense of this action, the action is not abandoned. Accordingly, the February 9, 2018 interlocutory judgment and the January 8, 2019 final judgment dismissing Williams' claims against Montgomery on grounds of abandonment are hereby reversed, and this matter is remanded to the trial court for further proceeding consistent with this opinion.

---

unserved defendant's efforts to get the suit declared abandoned against him were unavailing. The court decided that action taken within the former five-year period with respect to another defendant interrupted the former five-year period as to all defendants, the unserved defendant.

[10] In **Department of Transportation and Development v. Waste Management, Inc., et al.,** the plaintiff filed suit on March 27, 1987, against two defendants, withholding service. Four years later, an attorney filed a motion to enroll as co-counsel for the plaintiff. A year later, the plaintiff filed a motion to set for trial. The motion was denied because neither defendant had filed an answer. Service was finally requested more than five years after the suit was filed. The trial court dismissed the action on grounds of abandonment; the appellate court reversed, finding that the plaintiff's motion to set the case for trial constituted a "step" in the prosecution that occurred prior to the expiration of the abandonment period, which precluded a finding of abandonment even though the unserved defendants were not served until after the then-applicable five-year abandonment period.

[11] In **DeGruy,** one of two unserved defendants filed a motion to dismiss the case for abandonment that, until a notice of deposition was filed by the plaintiffs three days shy of the three-year abandonment period, had lay dormant. The unserved defendant argued that the trial court erred in failing to find that the plaintiff's case was abandoned where no defendant had ever been served and no deposition was ever taken prior to the running of the prescriptive period for abandonment. The Fourth Circuit ultimately affirmed the trial court's ruling that service by mail of the notice of deposition constituted a step in the prosecution of the case because that step occurred within three years of the institution of the action.

# PRESCRIPTION

Montgomery filed a peremptory exception raising the objection of prescription in this court, arguing that Williams' claims raised against her in the first amended petition for damages filed on February 8, 2018 are prescribed. Montgomery averred that Williams had until May 3, 2014 to raise claims against her, one year from the date of the alleged accident. Montgomery argued that Williams' action was abandoned, thus, the February 8, 2018 first amended petition for damages did not interrupt prescription as to Williams' claims.

Evidence may be introduced to support or controvert the exception of prescription when the grounds thereof do not appear from the petition. La. C.C.P. art. 931; **Shannon v. Vannoy**, 2017-1722 (La. App. 1st Cir. 6/1/18), 251 So. 3d 442, 448. In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true. **Shannon**, 251 So. 3d at 448-49.

Louisiana Code of Civil Procedure article 2163 allows an appellate court to consider a peremptory exception filed for the first time in that court "if proof of the ground of the exception appears of record." However, appellate review is limited to the record. La. C.C.P. art. 2164. This court cannot consider evidence submitted in connection with a peremptory exception filed for the first time in this court. **Vanguard Vacuum Trucks, L.L.C. v. Mid-Am. Res. Corp.**, 2017-0434 (La. App. 1st Cir. 11/1/17), 233 So. 3d 87, 89. The only evidence in the record that could relate to prescription are the petitions filed by William.

Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Williams' claims comprise a delictual action that is subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. See La. C.C. art. 3492. Louisiana Civil Code article 3462 provides, in pertinent part, that "[p]rescription is interrupted when the owner commences action against the possessor, or when the

9

obligee commences action against the obligor, in a court of competent jurisdiction and venue." The interruption of prescription as to one solidary obligor is effective as to all solidary obligors. See La. C.C. art. 1793. However, Louisiana Civil Code article 3463, sets forth, in relevant part, that "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial."

Operating under the parties' and the trial court's incorrect assumption that this lawsuit abandoned by operation of law, the face of the petitions indicate that Williams' action may be prescribed. Once the trial court signed the February 9, 2018 judgment granting Foremost's motion for abandonment, no interruption of prescription occurred when Williams filed her original petition on May 2, 2014. Therefore, Williams' first amended petition for damages filed on February 8, 2018, would appear to be prescribed since it was not filed within one year of the accident. However, since we hold that this action is not abandoned, Williams is entitled to demonstrate that a suspension, interruption, or renunciation of prescription has occurred. We believe that the interests of justice demand that we remand this matter to permit the parties to develop evidence on the prescription issue. See La. C.C.P. art. 2164; see also **Vanguard**, 233 So. 3d at 89.

## DECREE

The trial court's February 9, 2018 and January 8, 2019 judgments are hereby reversed. The peremptory exception raising the objection of prescription filed by the appellee, April Montgomery, is remanded to the trial court. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to the appellee, April Montgomery.

**EXCEPTION REMANDED; JUDGMENTS REVERSED; REMANDED.**